# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| PAMELA BARTEL,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHEAST RESTAURANTS CORP.,<br><br>    Defendant. | Civ. No. 3:22-cv-00016-TCB |

## JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL OF THIS ACTION WITH PREJUDICE

Plaintiff Pamela Bartel ("Plaintiff") and Defendant Southeast Restaurants Corp. ("Defendant") (collectively, the "Parties") submit this joint motion, seeking Court approval of their settlement of Plaintiffs' wage and hour claims against Defendant ("Settlement"). The Parties further seek dismissal of this action with prejudice. In support of this Motion, the Parties jointly state as follows:

**I.    Background**

On January 29, 2022, Plaintiff filed this action to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (Doc. No. 1). Specifically, and in relevant part, the Complaint alleges that Defendant under-reimbursed Plaintiff for vehicle expenses, resulting in an unlawful "kickback" under 29 C.F.R. § 531.35 and causing a minimum wage violation.

Defendant denies that it violated the FLSA and further denies that Plaintiff is owed additional reimbursements, minimum wage, or other compensation. Defendant contends that it reasonably approximated Plaintiff's vehicle expenses in reliance upon Opinion Letter FLSA2020-12 issued by the United States Department of Labor Wage & Hour Division on August 31, 2020 (the "Opinion Letter"), and other authorities.

On March 4, 2022, the Parties submitted a Joint Motion to Stay and to Compel Individual Arbitration pursuant to the Parties' arbitration agreement. (Doc. No. 7.) The Court granted the Parties' Joint Motion to Stay, but retained jurisdiction over the matter and ordered that the Parties seek Court approval of any settlement.

Thereafter, the Parties engaged in settlement negotiations, including assessment of the strengths and weaknesses of the case. The Parties reviewed relevant documents including Plaintiff's miles driven and vehicle reimbursements paid. Settlement was reached after lengthy discussion and independent valuations of the case. The Parties agreed, that if the Court approved, the final settlement amount would be separated into: (a) reimbursement for vehicle expenses; (b) liquidated damages; and (c) attorneys' fees and costs.

A copy of the *FLSA Settlement Agreement* ("Settlement Agreement") is attached hereto as *Exhibit A*. Pursuant to this motion, the Parties seek approval of

their Settlement Agreement from the Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). The Parties further request an Order from the Court dismissing the above-styled action. *See* Proposed Order Approving Settlement and Dismissing the Action with Prejudice, attached hereto as *Exhibit B*.

While the Settlement Agreement is a compromise of disputed claims, it does not constitute an admission by Defendant of the violation of any federal, state, or local statute or regulation, or the violation of any of the Plaintiff's rights or of any duty owed by Defendant to Plaintiff. Defendant expressly denies having engaged in any wrongdoing or unlawful conduct in this lawsuit.

II.     **Legal Authority**

   A.   **The FLSA Permits the Settlement and Release of Claims with Court Approval.**

In the Eleventh Circuit, there are two (2) ways in which claims under the FLSA may be settled and released. First, Section 216(c) of the FLSA allows individuals to settle and waive their claims under the FLSA if the payment of alleged unpaid wages is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores,* 679 F.2d at 1353. Second, in the context of a private lawsuit brought under Section 216(b) of the FLSA, an individual may settle and release FLSA claims if the Parties present the District Court with a proposed settlement and

the District Court enters a stipulated judgment approving the fairness of the settlement. *Id*. In addressing the circumstances justifying Court approval of FLSA settlements in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the Parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

### B.     The Settlement Amount is Fair and Reasonable.

The agreed upon settlement amount for reimbursement of vehicle expenses, liquidated damages, attorneys' fees and costs is fair and reasonable.

#### 1.     The Agreed Upon Settlement Amount for Back Wages and Liquidated Damages is Fair and Reasonable.

The proposed settlement represents a fair and reasonable compromise of Plaintiff's claims. The parties have several *bona fide* disputes over the issues in this litigation, including, but not limited to: (i) the appropriate legal standard for vehicle reimbursements; (ii) whether Defendant reimbursed Plaintiff for her actual vehicle

expenses; (iii) whether Defendant reimbursed Plaintiff the reasonable approximation of her vehicle expenses; (iv) whether Defendant's reimbursement policies were made in good faith reliance upon the Opinion Letter or other legal authorities; and (v) the amount of any such alleged under-reimbursement. With these issues in mind, the Parties engaged in settlement negotiations, which included an analysis of Plaintiff's miles driven and reimbursements paid.

For settlement purposes, the Parties calculated Plaintiff's best-case scenario damages assuming the allegations in the Complaint as true. These calculations took into account the miles driven by Plaintiff, the amount of mileage reimbursement received, and the IRS reimbursement rate relevant for each year. Using these calculations, Plaintiff's claimed lost wages totaled $1,565.67. Under the terms of the settlement, Plaintiff is receiving 126% of these alleged lost wages.

In light of these factors, as well as the considerable risk, cost, and uncertainty of continued litigation, the Parties submit that the reimbursement, liquidated damages, and attorneys' fees and costs set forth in the Settlement Agreement should be approved by the Court as fair and reasonable.

### 2. The Settlement is A Fair and Reasonable Compromise of Disputed Issues.

The Settlement was reached following good faith, arms-length negotiations. The Parties agree that the Settlement reflects a reasonable compromise of the

disputed factual and legal issues. The Parties disagree about the appropriate legal standard for vehicle expenses reimbursements, as well as whether Defendant reimbursed Plaintiff for vehicle expenses in compliance with the FLSA and, if it did not, the amount of the alleged under-reimbursement.

However, due to the expense in time and money of litigation, the uncertainty and risk of litigation, as well as the difficulties and delays inherent in such litigation, settlement of this matter is a mutually appealing resolution. The Parties, through their attorneys, voluntarily agreed to the terms of the Settlement as described above. All Parties were counseled and represented by their respective experienced attorneys throughout the litigation and settlement process and this Joint Motion accurately depicts the agreed upon terms of their agreement. *See* Exhibit A.

### C. The Attorneys' Fees Negotiated Between the Parties Were Separately Negotiated and Reasonable.

The Settlement Agreement also contains a component of attorneys' fees and costs. These fees and costs were negotiated separately from and did not reduce Plaintiff's settlement amount. Accordingly, no conflict of interest existed between Plaintiff and Plaintiff's counsel during negotiations.

Should the Court wish to review the negotiated fees for their reasonableness, Plaintiff's counsel avers that the amount is reasonable. Plaintiff's counsel has billed over $6,000.00 in fees and costs on this matter, taking it from initial investigation

and Complaint drafting through damages calculations and settlement negotiations. At less than half of their current invoice, the amount of agreed fees is reasonable.

## III. Conclusion

The Parties jointly and respectfully request that the Court approve the settlement as described herein and, upon approval of the settlement, that the Court dismiss the action with prejudice. A proposed Order has been attached for the Court's convenience as ***Exhibit B***.

| | |
|---|---|
| *s/Josh Sanford* | *s/Matthew R. Simpson* |
| Josh Sanford | Matthew R. Simpson |
| josh@sanfordlawfirm.com | msimpson@fisherphillips.com |
| Lydia H. Hamlet | JonVieve D. Hill |
| lydia@sanfordlawfirm.com | jhill@fisherphillips.com |
| Sanford Law Firm | FISHER & PHILLIPS LLP |
| 10800 Financial Centre Parkway | 1075 Peachtree Street, NE, Suite 3500 |
| Little Rock, AR 72211 | Atlanta, Georgia 30309 |
| Telephone: (501) 221-0088 | Telephone: (404) 231-1400 |
| Facsimile: (888) 787-2040 | Facsimile: (404) 240-4249 |
| | |
| Matthew Wilson Herrington | **Counsel for Defendant** |
| Matthew.herrington@dcbflegal.com | |
| DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC | |
| 101 Marietta Street NW | |
| Suite 2650 | |
| Atlanta, GA 30303 | |
| Telephone: (404) 596-7972 | |
| Facsimile: (404) 596-7972 | |
| | |
| **Counsel for Plaintiff** | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 5.1(C), I certify that the foregoing is typewritten using Time New Roman font, fourteen (14) point type.

                                        *s/Josh Sanford*
                                        Josh Sanford
                                        josh@sanfordlawfirm.com
                                        Sanford Law Firm
                                        10800 Financial Centre Parkway
                                        Little Rock, AR 72211
                                        Telephone: (501) 221-0088
                                        Facsimile: (888) 787-2040